```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
```
ADRIEL MAZARA,

                      Plaintiff,

      -v-

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
```
------------------------------------------------------------X
```

17 Civ. 2759 (PAE)(GWG)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Adriel Mazara brings this action *pro se* pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Acting Commissioner of Social Security (the "Commissioner"), which found that Mazara was no longer disabled due to medical improvement and therefore was no longer eligible to receive Supplemental Security Income ("SSI"). The Commissioner has moved to remand the case for further administrative proceedings to ensure that all requirements of the medical improvement standard, 20 C.F.R. § 416.994, have been met. Before the Court is the November 14, 2017 Report and Recommendation of the Hon. Gabriel W. Gorenstein, United States Magistrate Judge, recommending that the Court grant the Commissioner's motion and remand this case to the Commissioner for further development of the record. Dkt. 16 (the "Report"). For the following reasons, the Court adopts the Report in full.

## I. Background[1]

In 1990, at the age of four, Mazara was deemed disabled for purposes of receiving SSI payments. A.R. at 85. After Mazara reached adulthood, in 2004, a redetermination found he was no longer disabled. *Id.* Mazara appealed the redetermination and filed a request for a hearing before an administrative law judge ("ALJ"). *Id.* With the assistance of counsel, Mazara appeared at a hearing before an ALJ on August 28, 2007. *Id.* In a decision dated October 23, 2007, the ALJ found that Mazara remained disabled, based on the initial 1990 application, as a result of his "attention deficit hyperactivity disorder, a single episode of major depression[,] and borderline intelligence." *Id.* at 88–89.

On November 24, 2013, Mazara completed a function report stating that he could prepare simple meals, use public transportation, use a computer, compose music, and socialize with friends. *Id.* at 300–08. On December 2, 2013, Mazara underwent a psychiatric evaluation, after which the consulting physician concluded that Mazara could understand simple directions, perform complex tasks, maintain attention and concentration, learn new tasks, maintain a schedule, make appropriate decisions, relate with others, and cope with stress. *Id.* at 405. On December 13, 2013, a state agency psychologist concluded that Mazara was not suffering from a severe impairment. *Id.* at 407. A December 16, 2013 record from Mazara's disability clinic indicated that Mazara had not been receiving ADHD medication for several years. *Id.* at 428. A December 23, 2013 record from the same clinic stated that Mazara wished to resume taking medication to help him focus. *Id.* at 427.

---

[1] The Court's summary of the facts is drawn from the Administrative Record. *See* Dkt. 10 ("A.R.").

On December 17, 2013, the Commissioner notified Mazara that a continuing disability review found that he had medically improved and was no longer disabled. *Id.* at 137–41. Mazara appealed this determination to a Disability Hearing Officer, *id.* at 143–45, who, on June 3, 2014, concluded that, as of December 17, 2013, Mazara was no longer disabled, *id.* at 147–58.

Following the Disability Hearing Officer's determination, Mazara requested a hearing before an ALJ. *Id.* at 159–63. That hearing was held on July 19, 2016. *Id.* at 59–71. At the hearing, Mazara testified that he had previously worked at a "cleaning job" and at a Dunkin' Donuts, and was currently seeking a job that was "easy" and "comfortable." *Id.* at 67.

On September 28, 2016, the ALJ issued a decision finding that Mazara's disability had ceased as of December 17, 2013. *Id.* at 13–26. In addition to the post-2013 medical reports described above, the ALJ also considered records from Mazara's several consultations with psychiatrist Dr. Mauricio Murillo between January 2014 and March 2015. *Id.* at 470–76; *see also id.* at 25. In a January 14, 2014 evaluation, Dr. Murillo noted that Mazara had an irritable mood and an anxious and constricted affect, and that his insight and judgment were limited. *Id.* at 476. On follow-up evaluations, Mazara showed improvement in terms of "agitation" and "frustration tolerance." *Id.* at 470–75. On June 23, 2015, Dr. Murillo again noted Mazara's improvement and stated he no longer had psychotic symptoms. *Id.* at 460. In a letter dated the same day, however, Dr. Murillo concluded that Mazara had a mild intellectual disability and psychosis that rendered him unable to understand or participate in any employment training program or perform jury duty. *Id.* at 455.

The ALJ's determination that Mazara was not disabled was based primarily on the post-2013 medical evidence described above which, apart from Dr. Murillo's ultimate conclusion,

3

suggested minimal impairment. *Id.* at 23–25. The ALJ further deemed it significant that Mazara testified that he could work but chose not to. *Id.* at 25.

The ALJ's decision became the Commissioner's final decision on February 10, 2017, when the Appeals Council denied Mazara's request for review. *Id.* at 1–5.

On April 17, 2017, Mazara filed the complaint in this action, seeking review of the ALJ's September 28, 2016 decision. Dkt. 2. On April 21, 2017, this Court referred the matter to Judge Gorenstein for a Report and Recommendation. Dkt. 6. On September 18, 2017, the Commissioner filed a motion to remand the case to the Social Security Administration. Dkt. 13. On October 20, 2017, Judge Gorenstein directed Mazara to file a letter by November 9, 2017 if he opposed the Commissioner's motion for remand. Dkt. 15. Mazara did not file a response. Report at 1.

On November 14, 2017, Judge Gorenstein issued the Report, recommending that the Court grant the motion and remand the case to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g). Report at 1. Specifically, the Report concluded that the Commissioner "persuasively explained why the Commissioner's final decision did not satisfy all the regulatory and case law requirements relating to a medical improvement analysis as required by 20 C.F.R. § 46.994." *Id.* Accordingly, the Report concluded that the case ought to be remanded to ensure that the Commissioner's decision meets all of the requirements of the medical improvement standard. *Id.*

The deadline for the parties to file objections to the Report was November 28, 2017. *See* Report at 1–2 (giving the parties 14 days from service of the Report to file written objections). To date, no objections have been filed.

4

## II. Discussion

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation omitted); *see also* 42 U.S.C. § 405(g). Remand is appropriate "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82–83 (2d Cir. 1999) (quoting *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996)). Reversal, by contrast, is appropriate where the record shows persuasive proof of disability such that remand would be futile. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Because neither party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Gorenstein's Report and the associated Administrative Record reveals no facial error in its conclusion. On the contrary, the Court agrees with the Report's conclusion that the ALJ failed to satisfy the regulatory and case-law requirements relating to medical improvement.

Under the relevant regulatory framework, the Commissioner determines medical improvement by a comparison of prior and current medical evidence, which must show that there has been an improvement in the individual's impairments. *See* 20 C.F.R. § 416.994(b)(2)(i). Here, the ALJ properly set the favorable October 23, 2007 disability determination as the "comparison point decision," but apparently failed to consider any medical evidence associated with that decision. *See* A.R. at 19–26; *see also* Comm'r Mot. at 6–7. Indeed, the Administrative Record in this matter contains only one document related to that prior decision: an evaluation that Mazara submitted to the Appeals Council in support of his request for review of the ALJ's decision. *See* A.R. at 44–48. The Commissioner represents that this document was not before the ALJ prior to the ALJ's September 28, 2016 decision. *See* Comm'r Mot. at 6. Because the record in this matter should have contained all documents related to the October 23, 2007 decision, and because the ALJ's September 28, 2016 decision should have reflected a comparison of that evidence with the current evidence, remand is appropriate. *See Veino v. Barnhart*, 312 F.3d 578, 587–89 (2d Cir. 2002) (remanding where the court "lack[ed] an adequate basis on which to conclude that the Commissioner's finding that Veino's medical condition has improved since 1982 is supporting by substantial evidence, because the record does not include the medical evidence as to Veino's condition in 1982").

Further, the Court agrees with the Commissioner that reversal is not appropriate here, as the evidence in the present record does not unequivocally support a finding of disability. *See* Comm'r Mot. at 7–10. At the July 19, 2016 administrative hearing, Mazara explained that he had previously held jobs and that he remained interested in working. *See* A.R. at 67. His medical condition also appeared to be improving. *See id.* at 470–75. In 2013, a consulting physician determined that Mazara could understand instructions and perform complex tasks, *id.*

6

at 405, and a state agency psychologist concluded that he did not have a severe impairment, *id.* at 407. Therefore, while remand is warranted to assure consideration by the ALJ of all required material, the record certainly cannot be said to unequivocally support Mazara's claim that he continues to suffer from a severe impairment.

## CONCLUSION

For the foregoing reasons, as well as the reasons articulated in the Report, the Court grants the Commissioner's motion and remands the case to the Commissioner for further proceedings consistent with this Opinion and the Report. The Clerk of Court is directed to terminate the motion pending at docket number 13, and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: December 5, 2017
      New York, New York